# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| CINDY YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-6156-CV-SJ-GAF-P |
| | ) |
| GREG MURPHY, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER DIRECTING THE AGENCY WITH CUSTODY OF PLAINTIFF TO COLLECT THE REMAINDER OF THE FILING FEE AND DISMISSING CASE

Plaintiff,[1] who currently is incarcerated in the Chillicothe Correctional Center in Chillicothe, Missouri, has filed *pro se* this civil rights action pursuant to 42 U.S.C. § 1983, seeking relief for certain claimed violations of her federally protected rights. She has been granted leave to proceed *in forma pauperis* and has paid an initial partial filing fee of $37.67. Pursuant to 28 U.S.C. § 1915(b)(2), the agency having custody of plaintiff will be required to forward to the Clerk of the Court monthly payments of 20 percent of the preceding month's income credited to Plaintiff's inmate account each time the amount in that account exceeds $10.00 until the balance of the $350.00 filing fee is paid ($312.33). Because Petitioner fails to state a claim, this case will be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### Standard

Even though Plaintiff has been granted leave to proceed *in forma pauperis*, the Court shall "dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief

---

[1] Although multiple Plaintiffs are listed in the complaint, this Court's January 11, 2018, Order construed Plaintiff Cindy Young as the only Plaintiff in this case. Doc. 1 p. 1.

from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1), (2). An action is legally "frivolous" within the meaning of Section 1915 if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## Plaintiff's Complaint

Plaintiff names the following Defendants in this case: (1) Chaplain Greg Murphy; (2) Corrections Officer Alexander; (3) Corrections Officer Dysert; (4) unknown IRR resolutions officers; (5) Ms. Simpson; and (6) Spiritual Programming Supervisor Doug Warsham. Doc. 1, pp. 1, 3-4. Plaintiff's complaint alleges as follows.

Since Defendant Murphy has become chaplain he has treated Plaintiff and others "with deliberate indifference." *Id*. at 6. Defendant Murphy "has displayed wild rage, violent behavior, and staff have witnessed this numerous times and were present on many occasions." *Id*. Defendants Alexander and Dysert are posted at Defendant Murphy's office and were present "at violent verbal screaming, told not to hire me, etc." *Id*. at 3. Defendant Simpson's office is connected to Defendant Murphy's office and the two "interact and they intermingle, overlap and advise or support or harass or punish offenders due to one others negative treatment or dislike or measured offense toward an offender(s) as a team or 'brother hood' type retaliation." *Id*. Defendant Warsham "covers up and allows or aids in this on-going behavior." *Id*. at 7.

Plaintiff alleges that she has been subjected to a "campaign of harassment" and was "kept from a porter job." *Id*. Plaintiff appears to allege that this has interfered in her ability to express her faith. *Id*. at 9. For relief, Plaintiff requests money damages and various forms of injunctive relief. *Id*. at 5, 9.

Plaintiff also has submitted a supplement, wherein she claims that Defendant Murphy, *inter alia*, allows "No Confidentiality," caused a loss of "inner workings of the core of Christian

General," does not allow greeters or ushers, does not provide "prayer time open chapel," does not allow Christian videos or movie time, does not allow "cross out for service," does not "make regular rounds to In Bound Hospice or TCU," "won't go to the hole unless badgered to come," "refuses for viewing a funeral DVD sent in," "told a recently raped offender . . . if her body responded in any way its not rape," varies library hours "at his whim," "takes off early and uses his hours to do that on that Sunday," "left his white shirt sgt job to make more money," purposefully messes up and or prolongs inmates['] weddings," "eliminates certain women excluding them for personal reasons" and "bars them from Christian events and banquets," and says that "he will put who he wants" in the choir. Doc. 5, pp. 2-3. Plaintiff attaches various grievances and other documents to her complaint and supplement. Doc. 1-2; Doc. 5, pp. 4-33.

**Discussion**

As to whether Plaintiff's allegations state a claim, "[l]iability under [42 U.S.C.] § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). To state a claim, Plaintiff must present specific allegations of fact as to either direct personal involvement, direction of others, or a knowing failure to supervise or act, which resulted in Plaintiff's injuries. *See generally Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (Section 1983 liability requires some personal involvement or responsibility); *Ronnei v. Butler*, 597 F.2d 564 (8th Cir. 1979). A supervisor's "mere knowledge of his subordinate's" illegal acts is an insufficient basis for Section 1983 liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009). Thus, a claim based on a theory of *respondeat superior* is not an actionable claim under Section 1983. *Id.* at 676 (vicarious liability is inapplicable to Section 1983 suits); *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986); *Monell*, 436 U.S. at 691. There is also no violation

of § 1983 for failing to follow prison policy or to process grievances. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Cain v. Norris*, No. 5:05CV00282, 2005 WL 3006843, at. *3 (E.D. Ark. Oct. 19, 2005) ("Failing to rule on Plaintiff's behalf is simply not a constitutional violation in the absence of other allegations or evidence."), *aff'd*, 193 F. App'x 642 (8th Cir. 2006).

Generally, Plaintiffs claims are conclusory and unsupported with sufficient allegations of fact establishing each Defendants' personal involvement in violating Plaintiff's federally-protected rights. *See Iqbal*, 556 U.S. at 678 (Plaintiff must plead more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" and must include "factual content" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Furthermore, as set forth above, Defendants may not be held liable for failing to follow prison policy or process grievances and may not be held liability merely due to their supervisory positions. Insofar as Plaintiff alleges that she has been subjected to verbal harassment, a prison official's verbal threats, without more, are not actionable in a § 1983 suit. S*ee McDowell v. Hones*, 990 F.2d 433, 434 (8th Cir. 1993). Insofar as Plaintiff seeks compensation due to emotional or mental injury, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). Plaintiff fails sufficiently to allege that she has suffered a physical injury. Insofar as Plaintiff alleges that she was denied employment at the prison, there is no constitutionally protected property interest in prison employment absent a right to prison employment under state law. *Miller v. Benson*, 51 F.3d 166, 169 (8th Cir. 1995).

If Plaintiff intended to raise a free exercise claim, none of Plaintiff's factual allegations establish that Defendant Murphy has placed a substantial burden on any of Plaintiff's specific

4

sincerely held religious beliefs or that Defendant Murphy's actions regarding church services were not reasonably related to a legitimate peneological objective. *See Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 831 (8th Cir. 2009) (setting forth the two-prong inquiry Courts conduct in analyzing a free exercise claim.). Any intended claims of deliberate indifference, conspiracy, or retaliation are conclusory and fail to set forth sufficient facts. *See Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (to establish a conspiracy claim, a plaintiff must allege that "the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding." (citing *White v. Walsh*, 649 F.2d 560, 561 (8th Cir. 1981))); *Rose v. Arkansas Valley Envtl. & Util. Auth.*, 562 F. Supp. 1180 (W.D. Mo. 1983) (Allegations must be specific enough to allow identification of the conspiracy, particularly in terms of its nature and its effect upon plaintiffs.); *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007) (To establish a retaliation claim, a plaintiff "must prove that he engaged in protected activity and that defendant[s], to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary firmness from engaging in that activity."). Finally, none of Plaintiff's ancillary arguments or claims states a viable claim against Defendants. As a result, this case will be summarily dismissed for failure to state a claim.

**Conclusion and Notice Concerning Dismissal and Appeal**

Because Plaintiff has failed to state a claim upon which relief may be granted, this case will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), (2). Plaintiff is cautioned that this dismissal will count against her for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g)(1996).[2]

---

[2] Under 28 U.S.C. § 1915, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." A

5

Plaintiff is further advised that if she appeals this dismissal, in addition to the $350.00 filing fee, federal law now "'makes prisoners responsible for [appellate filing fees of $505.00] the moment the prisoner . . . files an appeal.'" *Henderson v. Norris*, 129 F3d 481, 483 (8th Cir. 1997) (citation omitted). Pursuant to *Henderson*, Plaintiff is notified as follows:

> (a) the filing of a notice of appeal by the prisoner makes the prisoner liable for payment of the full . . . appellate filing fees regardless of the outcome of the appeal; (b) by filing a notice of appeal the prisoner consents to the deduction of the initial partial filing fee and the remaining installments from the prisoner's prison account by prison officials; (c) the prisoner must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing the notice of appeal; and (d) failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

*Id*. at 484.

Accordingly, it is **ORDERED** that:

(1) the agency having custody of Plaintiff forward to the Clerk of the Court monthly payments of 20 percent of the preceding month's income credited to Plaintiff's account each time the amount in the account exceeds $10.00 until the remainder of the $350.00 filing fee ($312.33) is paid; and

(2) this case is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

/s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Dated: February 9, 2018.

---

prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals as described in Section 1915(g).